"O"

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | | |
|---|---|---|
| CELIA MEDINA, | ) | Case No. CV 05-8915-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Celia Medina ("Plaintiff") seeks review of the Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons stated below, the Commissioner's decision should be affirmed and this action should be dismissed with prejudice.

## I.   Factual and Procedural Background

Plaintiff was born on December 7, 1950. (Administrative Record ("AR") at 321).  She completed the sixth grade in Mexico and has work experience as a pre-school teacher, assembler of leather goods, machine

operator II, nursery school attendant, and playground attendant.  (AR at 352).

Plaintiff filed applications for DIB and SSI on September 14, 2000.  (AR at 93-95, 321-23, 341).  Plaintiff alleges that she has been disabled and unable to work since December 6, 1998, due to knee and back problems.  (AR at 342).  Plaintiff's applications were denied at the administrative level, after a hearing before an Administrative Law Judge ("ALJ"), and on appeal to the Appeals Council.  (AR at 5-7, 15-64, 66-70, 325-29).  On November 19, 2003, pursuant to a stipulation of the parties, this Court remanded Plaintiff's case for further administrative proceedings.  (AR at 355-58, 360-64).

A second hearing was held before an ALJ on May 4, 2005.  (AR at 395-417).  Plaintiff, who was represented by counsel, testified at the hearing.  (AR at 398-412).  A vocational expert also testified.  (AR at 413-16).  On August 29, 2005, the ALJ issued a decision finding that Plaintiff was not under a disability, as defined in the Social Security Act.  (AR at 341-54).  The ALJ determined that Plaintiff had not engaged in substantial gainful activity since the filing date of her applications and that Plaintiff suffers from impairments that more than minimally restrict her ability to perform basic work related activity, including back sprain/strain (recovered), status post left knee arthroscopic surgery (recovered), and right knee and right ankle sprain/strain (recovered).  (AR at 343-44).  The ALJ concluded that Plaintiff's impairments did not meet or equal one of the of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1, Regulations No. 4 ("the Listings").  (AR at 344).  The ALJ found that Plaintiff was

///

///

2

capable of performing medium work. (AR at 352). Given these limitations, the ALJ concluded that Plaintiff was capable of performing her past work. (AR at 352).

On October 21, 2005, the Appeals Council denied review. (AR at 5-330-32). Therefore, the ALJ's decision became the final decision of the Commissioner. (AR at 330). Plaintiff then commenced this action for judicial review.

The parties filed a Joint Stipulation on August 22, 2006. Plaintiff seeks remand for further administrative proceedings. (Joint Stipulation at 11). The Commissioner requests that the ALJ's Decision be affirmed. (Joint Stipulation at 11). The Joint Stipulation has been taken under submission without oral argument.

## II.  **Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can

3

1  reasonably support either affirming or reversing," the reviewing court

2  "may not substitute its judgment" for that of the Commissioner. *Id.* at

3  720-721.

4

5  **III.  Discussion**

6      Plaintiff contends that the ALJ's conclusion that she was capable

7  of performing work at the medium exertional level "is inaccurate for

8  that period in which [she] was recovering from her impairments." (Joint

9  Stipulation at 9). Specifically, Plaintiff alleges that she is entitled

10 to a closed period of disability from the date of her alleged onset,

11 December 6, 1998, through the date of her most recent consultative

12 examination, December 17, 2004. (Joint Stipulation at 4-6, 9-10, 378-

13 81). Plaintiff's claim lacks merit because she has not shown that she

14 was under a disability that lasted or was expected to last for a

15 continuous period of 12 months during the relevant period of time. *See*

16 42 U.S.C. § 423(d)(1).

17     In an effort to show that she was disabled during the period at

18 issue, Plaintiff cites the opinion of her treating physician, Charles

19 Schwarz, M.D., as well as her own subjective complaints. (Joint

20 Stipulation at 5, 9-10 (citing AR at 225-26, 229, 261, 296, 303-05).

21 However, the record reveals that the ALJ properly discounted Dr.

22 Schwarz's opinion and found Plaintiff not credible. (AR at 346, 348,

23 351-52); *see Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)(a

24 treating physician's opinion may be rejected by the ALJ when it

25 conflicts with the physician's treatment notes); *see also Smolen v.

26 Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996)(to determine whether the

27 claimant's testimony regarding the severity of her symptoms is credible,

28 the ALJ may consider (1) ordinary techniques of credibility evaluation,

such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities). In another attempt to show disability, Plaintiff cites various diagnoses and notations from the medical record. (Joint Stipulation at 4-5 (citing AR at 40, 215, 224-26, 229, 261, 264, 295, 299, 315). While these random medical findings might support some level of impairment, they simply do not compel a finding of disability in Plaintiff's case. *See* 42 U.S.C. § 423(d)(1); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1990)(explaining that the burden of proof is on the claimant to show that she is disabled at steps one to four). Finally, Plaintiff argues that the opinion of consultative examiner Christopher A. Zahiri, M.D. establishes that she was incapable of performing medium and light work during the "period of recovery," because Dr. Zahiri restricted her to less than two hours of walking in an eight-hour day. (Joint Stipulation at 10 (citing AR at 240)). Plaintiff's reading of Dr. Zahiri's opinion is not complete. After issuing his report, Dr. Zahiri was questioned about the walking restriction by the ALJ. (AR at 242). When informed that Plaintiff would be entitled to receive normal breaks, Dr. Zahiri revised his opinion and concluded that Plaintiff would be able to walk six hours in an eight-hour day. (AR at 242, 348). Thus, Dr. Zahiri's opinion does not support Plaintiff's claim of disability.

///
///
///
///

5

**IV.   Conclusion**

Based upon the applicable legal standards, the Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.


## ORDER

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:   September 12, 2006         */s/ Marc L. Goldman*

                                    _____
                                    MARC L. GOLDMAN
                                    United States Magistrate Judge